IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03643-SKC-CYC

SCOTT RICHARDSON,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
DAP OFFICER JENNA HUMPHREYS BADGE #301,

Defendants.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Dissatisfied with how defendant Jenna Humphreys, an animal control officer, handled an investigation into his dog's welfare, plaintiff Scott Richardson asserts that she violated the Fourth and Fourteenth Amendments by detaining him too long and exposing him to state-created danger. He also seeks to hold defendant City and County of Denver, Colorado ("Denver") liable for its alleged policies causing Humphreys' actions. But his allegations against Denver are insufficient formulaic recitations of municipal liability elements; his Fourth Amendment theory points to no precedent putting Humphreys on notice of her conduct's was illegal; and the state-created danger doctrine he invokes requires allegations of private violence that he never makes. The defendants therefore move to dismiss the complaint. ECF No. 19. The Court **RECOMMENDS** that the motion be **GRANTED** but that dismissal be **without prejudice**.

## BACKGROUND

According to the amended complaint, whose factual allegations the Court accepts as true for this motion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), on a hot summer day in August

2023, the plaintiff visited a Home Depot store in Denver, Colorado with his pregnant wife and infant child. ECF No. 8 at 7. His dog remained in his vehicle during the visit, and a citizen's 911 call brought Humphreys to the scene. *See id.* When the plaintiff and his family returned, they found that Humphreys had blocked the vehicle. *See id.* The plaintiff requested an expedient citation so that he could leave, but Humphreys refused, detaining the plaintiff and his family inside their vehicle for over thirty minutes. *See id.* at 7–8. The incident ultimately ended in a state-court trial, at which the plaintiff was convicted of a municipal animal-cruelty violation. *See* ECF No. 19-1 at 3; *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (taking judicial notice of other courts' dockets)

On November 12, 2025, the plaintiff filed this action pro se. ECF No. 1. He filed an amended complaint, the currently operative one, three months later. ECF No. 8. It asserts three claims under 42 U.S.C. § 1983: (1) unlawful seizure in violation of the Fourth Amendment against Humphreys; (2) state-created danger in violation of the Fourteenth Amendment's Due Process Clause against Humphreys; and (3) municipal liability against Denver. Its fourth claim asserts state-law negligence against both defendants.

This motion followed, and the district judge referred it to the undersigned. ECF No. 24.

## ANALYSIS

The defendants move to dismiss the plaintiff's claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The standard for evaluating those arguments is oft-repeated and well-known. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id*. Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Legal conclusions are not entitled to the assumption of truth, *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The ultimate duty of a reviewing court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## I. Claims Against Humphreys

Humphreys invokes qualified immunity. ECF No. 19 at 4–7. That doctrine shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome it, "the onus is on the plaintiff to demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Surat v. Klamser*, 52 F.4th 1261, 1270–71 (10th Cir. 2022) (internal quotation marks omitted).

On the first prong on a Rule 12(b)(6) motion, "the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated [his] constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins*, 519 F.3d at 1249). On the second, "[t]o qualify as clearly established, a constitutional right must be 'sufficiently clear that every reasonable official would have understood that what he is doing

violates that right.'" *Redmond v. Crowther*, 882 F.3d 927, 935 (10th Cir. 2018) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). "A case clearly establishes a right 'when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as [the] plaintiff maintains.'" *Id.* (quoting *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1197–98 (10th Cir. 2010)). "And although there need not be a case precisely on point for a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id.* (quoting *Mullenix*, 577 U.S. at 12). "This high bar ensures qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Mullenix*, 577 U.S. at 12). Courts may address the prongs in any order, *Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010), and a failure "to establish either prong of the two-pronged qualified-immunity standard" means "the defendant prevails on the defense." *A.M. v. Holmes*, 830 F.3d 1123, 1134–35 (10th Cir. 2016).

The plaintiff fails to carry his burden on Claims One and Two.

**A. Fourth Amendment Claim (Claim One)**

The plaintiff's first claim asserts that his thirty-minute detention lasted longer than the Fourth Amendment allows. *See* ECF No. 31 at 3. That Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Thus, unreasonably long detentions can, in some circumstances, violate the Fourth Amendment. *See, e.g.*, *Florida v. Royer*, 460 U.S. 491, 500 (1983) (noting that "an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop" when based on less than probable cause). Here, the plaintiff's claim depends on his assertion that thirty minutes' detention was unconstitutionally long. *See* ECF No. 8 ¶¶ 6–8. He intimates in his response that retaliation for exercising his right to remain silent animated the detention's length, *see* ECF No.

31 at 3, but no facts supporting that theory appear in his complaint, and a plaintiff "cannot amend [his] complaint by adding factual allegations in response to Defendant's motion to dismiss." *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015).

As pled, then, liability is premised on the roughly thirty-minute period alone. That cannot overcome qualified immunity: the Fourth Amendment sets "no rigid time limitation." *United States v. Sharpe*, 470 U.S. 675, 685 (1985). To the contrary, "[i]n the Fourth Amendment context, 'the result depends very much on the facts of each case,' and the precedents must 'squarely govern' the present case" to overcome qualified immunity. *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (quoting *Mullenix*, 577 U.S. at 13). Here, the plaintiff cites no precedents at all, let alone ones that squarely govern this case. *See* ECF No. 31 at 3. That will not do. A court must construe a pro se plaintiff's pleadings "liberally" and hold him "to a less stringent standard than formal pleadings drafted by lawyers," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), but it cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Even liberally construed, the plaintiff's simple say-so that Humphrey's conduct violated clearly established law, *see* ECF No. 31 at 3, cannot satisfy his burden of plausibly alleging that she actually did so.

The short of it is that the plaintiff failed to show that binding precedent clearly established that Humphrey's conduct was unconstitutional. Claim One should therefore be dismissed. For a pro se litigant, the first dismissal on a Rule 12(b)(6) motion should generally be without prejudice, *see Hall*, 935 F.2d at 1109–10, and, especially, given that there are unpled facts not considered here, the Court recommends such dismissal here.

**B. State-Created Danger (Claim Two)**

Claim Two invokes the state-created danger doctrine. The Fourteenth Amendment prohibits "any State" from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. When a state engages in affirmative conduct that places a citizen in danger, it can limit "in some way the liberty of a citizen to act on his own behalf" and implicate this clause. *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 916 (10th Cir. 2012). Here, the plaintiff's theory is that Humphreys required him to remain inside of a hot car, creating a danger. *See* ECF No. 8 ¶¶ 9–12, 15.

But in this Circuit, "a showing of affirmative conduct and private violence are preconditions necessary to invoking the state-created danger theory." *Est. of B.I.C. v. Gillen*, 710 F.3d 1168, 1173 (10th Cir. 2013) (citing *Gray*, 672 F.3d at 920 n.8). The plaintiff alleges no private violence. That precludes his claim.

The plaintiff protests that he need not do so. *See* ECF No. 31 at 4. But he cites no authority in his argument. And the Tenth Circuit has criticized as "oversight" any state-created danger analysis that "fails to expressly incorporate" the "preconditions necessary in this Circuit—affirmative conduct and private violence—to invoking the state-created danger theory." *Gray*, 672 F.3d at 920 n.8. The Court therefore cannot overlook those preconditions here.

This claim, then, must also be dismissed. Again, because the plaintiff is pro se, and it is unclear whether he could plead additional facts to conform to an actual state-created danger theory, dismissal should be without prejudice.

**II. Municipal Liability (Claim Three)**

Claim Three seeks to hold Denver liable. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Instead, a municipality "may be liable under this section

if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell*, 436 U.S. at 692). A plaintiff therefore must allege facts that show "(1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004). This means the plaintiff must allege both a constitutional deprivation and the existence of a "municipal policy or custom." *Connick*, 563 U.S. at 60-61; *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

The latter requirement entails specific factual allegations. A "plaintiff cannot simply allege that there is a policy in place, but, rather, must plead facts that, if true, would give rise to a plausible inference that such a policy exists." *Gonzalez v. Brunnemer*, No. 21-CV-02851-RMR-NRN, 2023 WL 3005749, at *10 (D. Colo. Apr. 19, 2023) (quoting *Abila v. Funk*, No. CV 14-1002 JB/SMV, 2016 WL 9021834, at *17 (D.N.M. Dec. 14, 2016)), *recommendation adopted*, 2023 WL 11643800 (D. Colo. May 16, 2023). That is, "conclusory statements and 'formulaic recitation[s]' of the elements of a municipal liability claim are insufficient to state a claim for relief." *Clark v. Spurlock*, No. 23-CV-01435-GPG-STV, 2024 WL 6475088, at *4 (D. Colo. Apr. 26, 2024) (quoting *Twombly*, 550 U.S. at 555 and collecting cases), *recommendation adopted*, 2024 WL 6475123 (D. Colo. May 14, 2024).

The plaintiff's complaint, however, offers only such formulaic recitations. It says that Denver "maintained a widespread custom or practice of permitting" what Humphreys did, ECF No. 8 ¶ 17, but does not plead facts showing "a pattern of multiple similar instances of misconduct" or "a police officer['s] statements attesting to the policy's existence." *Gonzalez*, 2023 WL 3005749, at *10 (quoting *Abila*, 2016 WL 9021834, at *17). It alleges that Denver

"failed to adequately train and supervise Animal Protection Officers regarding constitutional limits," ECF No. 8 ¶ 18, but does not allege facts showing, for instance, "[a] pattern of similar constitutional violations by untrained employees," which is "ordinarily necessary . . . because 'without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.'" *Rosales v. Sandberg*, No. 24-CV-01718-GPG-CYC, 2025 WL 2391526, at *10 (D. Colo. Aug. 15, 2025) (quoting *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1285 (10th Cir. 2019)), *recommendation adopted*, 2025 WL 4724657 (D. Colo. Sept. 4, 2025). And it alleges that unnamed Denver "[f]inal policymakers . . . ratified Officer Humphreys' conduct by approving her actions and taking no corrective or disciplinary action," ECF No. 8 ¶ 21, but that does not even formulaically recite the *Monell*-liability basis of "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval," as there are no facts indicating that policymakers delegated any authority to Humphreys. *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189–90 (10th Cir. 2010)).

In sum, a *Monell* claim requires facts, but the plaintiff's has none. It should therefore be dismissed without prejudice. *See Marshall v. Dix*, 640 F. Supp. 3d 1033, 1069 (D. Colo. 2022).

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**[1] that the defendants' Motion to Dismiss Under Fed. R. Civ. Pro. 12(b)(6), ECF No. 19, be **GRANTED in part** and that Claims

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not

One through Three be **DISMISSED without prejudice**. Given the recommended dismissal of all federal claims, the Court further **RECOMMENDS** declining to exercise supplemental jurisdiction over the state-law Claim Four and **DISMISSING** it **without prejudice**. *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

Given this recommendation, it is **ORDERED** that the defendants' Motion for Stay of Discovery, ECF No. 22, which seeks a stay pending a decision on the motion to dismiss, is **DENIED as moot**. The Motion Hearing scheduled for October 13, 2026 on that motion is **VACATED**. The Clerk of the Court is directed to send a copy of this Order and Recommendation to the plaintiff via email at scottlmt@hotmail.com to ensure that he receives notice of the vacating of the October 13 hearing.

Respectfully submitted this 8th day of October 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.